United States Bankruptcy Court
District of Massachusetts

_____
                              )
In re:                        )    Chapter 13
                              )    Case No.07-42330-HJB
SAMUEL L. WATKINS, SR.,       )
                              )
         Debtor               )
_____)

**MEMORANDUM OF DECISION**

Before the Court is an objection to the amended plan of reorganization (the "Plan") filed by the debtor, Samuel Watkins (the "Debtor"), in this Chapter 13 bankruptcy case. The Chapter 13 trustee (the "Trustee") objects to the Debtor's proposed distribution to unsecured creditors on grounds that those creditors will not receive as much under the Plan as they would in a hypothetical liquidation under Chapter 7. The Debtor, in turn, argues that they will.

I.     FACTS AND TRAVEL OF THE CASE

The Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code")[1] on June 20, 2007. In his schedules filed in conjunction with the case, the Debtor disclosed ownership interests in and encumbrances on the following four pieces of real property located in Springfield, Massachusetts:

---

[1] Unless otherwise noted, all statutory references will be to Title 11 of the United States Code. 11 U.S.C. §§ 101, et seq.

1

1. <u>Bay Street Duplex</u>: Duplex located at 427 Bay Street (the "Bay Street Duplex").

> The Debtor owns the Bay Street Duplex. Its scheduled value is $88,000.00, and the Debtor's interest is encumbered by a real estate tax lien held by the City of Springfield in the amount of $36,353.00.

2. <u>Bay Street Lot</u>: Undeveloped lot located on Bay Street (the "Bay Street Lot").

> The Debtor owns the Bay Street Lot. Its scheduled value is $22,235.00, and the Debtor's interest is encumbered by a real estate tax lien held by the City of Springfield in the amount of $2,918.67.

3. <u>Ravenwood Property</u>: Single family home located at 110 Ravenwood Street (the "Ravenwood Property").

> The Debtor and his non-debtor spouse (the "Spouse") own the Ravenwood Property as tenants by the entirety. Its scheduled value is $176,000.00, and their interest is encumbered by a real estate tax lien held by the City of Springfield in the amount of $49,372.00.

4. <u>Fenwick Property</u>: Two family home located at 3 Fenwick Street (the "Fenwick Property").

> The Debtor and the Spouse own the Fenwick Property as tenants by the entirety. Its scheduled value is $206,000.00, and their interest is encumbered by a mortgage in favor of Citi Financial Mortgage ("Citi Financial") to secure a promissory note with an outstanding balance of $130,841.11.[2]

In addition to the liens described above, all of the properties are encumbered by a judicial lien (the "Judicial Lien") in favor of Pacific Northwest Capital, recorded in the registry

---

[2] On Schedule D, "Creditors Holding Secured Claims," the Debtor scheduled $128,873.00 owed to Citi Financial on the underlying note. Citi Financial's proof of claim, however, shows a total amount owed of $130,841.11. As the Debtor has not disputed this representation, the Court accepts the proof of claim as reflective of the amount of the secured claim for the purpose of resolving the issues currently pending before the Court.

of deeds on November 24, 1997. The Debtor has scheduled the Judicial Lien as securing a judgment against the interests of the Debtor and the Spouse in the original amount of $146,000.00. However, it is apparently conceded by both the Debtor and the Trustee that, with the accrual of interest at a rate of twelve percent, the actual amount secured by the lien now exceeds $450,000.00.

Although the Debtor and the Spouse remain legally married, they have lived separately for many years – the Ravenwood Property serves as the Spouse's primary residence, while the Fenwick Property serves as the Debtor's primary residence. The Debtor, on Schedule C, claims both properties as exempt. Relying on the Massachusetts General Laws ch. 188, § 1 (the "Homestead Statute" or "Massachusetts Homestead Statute"), he claims an exemption of $500,000.00 in the Ravenwood Property pursuant to a Declaration of Homestead filed by the Spouse, and he claims a separate exemption in the amount of $500,000.00 in the Fenwick Property pursuant to a Declaration of Homestead filed by the Debtor.[3]

The Trustee has filed an objection (the "Objection") to the Debtor's Chapter 13 Plan. The Plan provides for a ten percent distribution to unsecured creditors, whose claims total $5,694.66. In her Objection, the Trustee disputes the validity of the Debtor's claimed exemptions in both the Ravenwood and Fenwick Properties and argues that the Plan must,

---

[3] "Section 522 of the Bankruptcy Code affords an individual debtor the opportunity to elect exemptions available under federal bankruptcy law or under nonbankruptcy federal, state and local law. 11 U.S.C. § 522(b)." In re Walsh, 359 B.R. 389, 392 (Bankr. D. Mass. 2007). The Debtor has elected to claim his exemptions under nonbankruptcy law; namely, the exemption provided for in the Massachusetts Homestead Statute. See M.G.L. ch. 188, § 1. In Massachusetts, the Homestead Statute allows individuals, upon the proper execution and recording of a "Declaration of Homestead" in the registry of deeds, see M.G.L. ch. 188, § 2, to claim up to $500,000.00 of the equity in their home as exempt. M.G.L. ch. 188, § 1.

3

accordingly, provide a 100 percent distribution to unsecured creditors. After a hearing on the matter, this Court took the Objection under advisement.

II. POSITIONS OF THE PARTIES

The Trustee bases her objection on the Debtor's attempt to claim an exemption pursuant to the Massachusetts Homestead Statute in two different properties . According to the Trustee's reading of the statute, because the Debtor and the Spouse remain married, they may claim only one valid homestead. Thus, for the purposes of § 1325(a)(4), the equity in the Debtor's interest in at least one of the properties must be accounted for in determining whether the unsecured creditors will receive as much under the Debtor's Plan as they would if the property were liquidated in a Chapter 7 case. The non-exempt equity in either property, argues the Trustee, would be sufficient to provide a 100 percent distribution to unsecured creditors. Thus, the Plan cannot be confirmed.

The Debtor disagrees with the Trustee's reading of the Massachusetts Homestead Statute. He argues that the unique circumstances of the case – i.e., the fact that Debtor and the Spouse, although legally married, operate separate households – must be taken into account in determining the validity of the claimed exemptions. According to the Debtor, a liberal interpretation of the Homestead Statute, as required under Massachusetts Supreme Judicial Court jurisprudence, would not prohibit the Debtor and the Spouse from both claiming valid homesteads in separate primary residences. Since the equity in both the Ravenwood and Fenwick Properties are protected by the exemptions, the Debtor contends that, in a Chapter 7 context, unsecured creditors would not receive a distribution from any liquidation of the properties. Accordingly, confirmation of the Plan is not

4

precluded under § 1325(a)(4).

III. <u>DISCUSSION</u>

Although the instant dispute bears the markings of a particularly nasty law-school examination question, the resolution of the present controversy is actually relatively straightforward.

Section 1325(a) of the Code requires confirmation of a Chapter 13 plan of reorganization when nine enumerated conditions are met. 11 U.S.C. § 1325(a)(1)-(9). Section 1325(a)(4), the so-called "best interest test," requires the Court to "determine that unsecured creditors are to receive in the Chapter 13 case at least what they would receive in a Chapter 7 case." <u>Walsh</u>, 359 B.R. at 393. Subsection (a)(4) requires that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . . .

11 U.S.C. § 1325(a)(4). The Trustee asks the Court to examine the validity of the Debtor's exemptions in the Ravenwood and Fenwick Properties to ascertain whether non-exempt equity would be available for distribution to unsecured creditors, assuming a hypothetical chapter 7 liquidation.[4]

---

[4] As the Bankruptcy Court for the District of Oregon has explained, it is necessary, in some cases, to undertake such a detailed examination of a Chapter 13 debtor's claimed exemptions:

> In order to determine whether [the requirement of § 1325(a)(4)] is met it is necessary to determine, hypothetically, what the dividend to creditors would be if the debtor's estate were liquidated in a Chapter 7 case. To make this hypothetical calculation it is not only necessary to determine the value of the property of the estate but what portion of the estate would be exempt. It would only be the value of the property, less the exemptions, which would be available to creditors. The debtor's claim of exemptions is a necessary element in making this determination.

5

Case 07-42330    Doc 37    Filed 12/10/07    Entered 12/10/07 14:52:59    Desc Main
                          Document      Page 6 of 7

Such an analysis is not only daunting but, quite frankly, unnecessary. Even if this Court were to find that *neither* the claimed exemption in the Ravenwood Property nor the claimed exemption in the Fenwick Property was valid, there still would be no equity remaining for distribution to the unsecured creditors in a hypothetical Chapter 7 liquidation. As the Trustee and the Debtor acknowledge, the properties are both encumbered by a Judicial Lien that exceeds $450,000.00. Therefore, there are only two alternatives. If each property is exempt, the Debtor may employ § 522(f)(1) to realize upon his equity,[5] but there will be no dividend for unsecured creditors. Conversely, if either or both of the exemptions are invalid, there will be no methodology available to avoid the Judicial Lien – thereby ensuring that there will be no equity available for unsecured creditors.

The amount of equity remaining after payment of the mortgage debt for the Fenwick Property and the real estate tax liens would total only $201,786.89 – far less than the amount of the Judicial Lien. In fact, even factoring in the liquidation of the Bay Street Property and the Bay Street Lot, the total equity available from all four properties would amount to only $272,750.22. Thus, even if the claimed exemptions were unavailable to protect equity in the properties, there still would be no non-exempt equity available for distribution to unsecured creditors from the liquidation of the Debtor's properties in a

---

In re Walker, 153 B.R. 565, 569 n.2 (Bankr. D. Or. 1993).

[5] Section 522(f) provides, in relevant part:

(1) . . . [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption* to which the debtor would have been entitled . . . if such lien is –

    (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1)(emphasis added).

Chapter 7 proceeding. Accordingly, the Trustee's objection to the Debtor's exemptions is moot and the Objection to the Debtor's Plan under § 1325(a)(4) must be overruled. Accord Walsh, 359 B.R. at 395 n.6 (where no equity would be available for distribution in a hypothetical Chapter 7 liquidation even assuming the Chapter 13 Trustee's objection to the debtor's exemption is sustained, the objection to exemption is moot).

IV.    CONCLUSION

Because the liquidation of the Debtor's estate in a hypothetical chapter 7 case would yield no funds for distribution to unsecured creditors, regardless of the validity of the Debtor's claimed exemptions, the Trustee's objection to the Debtor's claimed exemptions is MOOT and the Objection to the Plan under § 1325(a)(4) must be OVERRULED. An order in conformity with this memorandum shall issue forthwith.

By the Court,

DATED: December 10, 2007

Henry J. Boroff
United States Bankruptcy Judge